FILED
SEP - 5 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:07CR428–HEH |
| | ) |
| MOHAMED ADAM ABDELSHAFI, | ) |
| | ) |
| Petitioner. | ) |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Mohamed Adam Abdelshafi, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion" (ECF No. 49)) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Abdelshafi raises the following grounds for relief:

Claim One: (a) "Conviction on Counts 16 and 17 (Aggravated Identify Theft) violates the laws of the United States where the indictment fails to charge an offense (on both counts);"
(b) The Court lacked jurisdiction to impose a sentence on Counts 16 and 17; and,
(c) Counsel rendered ineffective assistance under the Sixth Amendment[1] for failing to move to dismiss the Indictment as to Counts 16 and 17 (§ 2255 Mot. 3).

Claim Two: Counsel rendered ineffective assistance by:

(a) "couching Petitioner into signing a jury trial waiver without advising and informing him adequately of his right to a jury trial";
(b) failing to challenge the health care fraud convictions (Counts 1–15) on appeal;
(c) failing to move to dismiss the Indictment on Counts 16 and 17;

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

> (d) failing "to challenge the monetary forfeiture judgment of $308, 329.00 where forfeiture violates the double jeopardy clause[2] of the Fifth Amendment and the Eighth Amendment[3] . . . .'" (*Id.*)

Thereafter, Abdelshafi filed a Motion to Amend his § 2255 Motion ("Motion to Amend" (ECF No. 56)) wherein he adds the following claim:

> Claim Three: Counsel rendered ineffective assistance by failing to subpoena witnesses "Ashlye Johnson" and the company's accountant and bookkeepers. (Mot. Amend at 1.)

Abdelshafi's Motion to Amend (ECF No. 56) will be granted.

The Government has responded. (ECF No. 54, 59.) Abdelshafi has replied. (ECF No. 57.) The § 2255 Motion is ripe for disposition.

## I. Procedural History

A grand jury charged Abdelshafi with fifteen counts of health care fraud, in violation of 18 U.S.C. § 1347 (Counts One through 15), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 16 and 17). The United States Court of Appeals for the Fourth Circuit aptly summarized the evidence of Abdelshafi's guilt as follows:

> Virginia Premier Health Plan ("Virginia Premier"), a health maintenance organization, contracts with the Virginia Department of Medical Assistance Services to provide medical services—including medical transportation services—to Medicaid patients in Virginia.[4] Some medical transportation

---

[2] "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] The Virginia Department of Medical Assistance Services administers Virginia's Medicaid program. *See HCMF Corp. v. Allen*, 238 F.3d 273, 275 (4th Cir. 2001).

2

> services are provided directly by Virginia Premier, while others are contracted to third-party vendors. Abdelshafi owned and operated one such third-party vendor, Shafi Medical Transportation ("SMT").
>
> Virginia Premier contracted with SMT to provide medical transportation to some of its members. Typically, Virginia Premier would send SMT a daily trip log, which included patients' identifying information, contact information, and trip details. Importantly, the patient's identifying information included that person's Medicaid identification number. The data in these trip logs served as SMT's direction to transport patients and to bill Virginia Premier. For example, each handwritten claim form Abdelshafi submitted on behalf of SMT included the patient's name, date of birth, Medicaid identification number, date of service, pick-up and drop-off locations, and number of miles traveled. Virginia Premier would then pay SMT based on such factors as the mileage traveled, driver's wait time, whether wheelchair transportation was provided, and whether transportation was provided outside of normal business hours, all as submitted by Abdelshafi.
>
> SMT's billing practices came under suspicion after Virginia Premier discovered that several claim forms Abdelshafi submitted contained substantially inflated mileage amounts. The ensuing investigation by state and federal authorities revealed that Abdelshafi not only inflated mileage amounts, but also submitted claim forms for trips that did not, in fact, occur. Investigators concluded these billing practices allowed Abdelshafi to collect at least $308,329.00 in fraudulent payments.

*United States v. Abdelshafi*, 592 F.3d 602, 605 (4th Cir. 2010) (footnote number altered).

On May 16, 2008, the Court convicted Abdelshafi of all seventeen counts. (Minute Entry (ECF No. 24) 2; May 16, 2008 Tr. 34–40.) The Court sentenced Abdelshafi to a total of 62 months of incarceration. (J. (ECF No. 35) 2.) Abdelshafi appealed. The United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. *Abdelshafi*, 592 F.3d at 604.

## II. Non-Constitutional Claims

### A. Faulty Indictment

In Claim One (a), Abdelshafi argues that the two aggravated identity theft convictions "violate[ ] the laws of the United States because the indictment does not

3

charge an offense on both counts." (Mem. Supp. § 2255 Mot. 12 (capitalization and emphasis corrected).) Abdelshafi contends that health care fraud "is not a predicate offense listed under §[ ]1028A(c)." (*Id.* at 13.) He contends that the statute only specifically lists mail fraud, bank fraud, and wire fraud as qualifying predicate offenses under Chapter 63 of Title 18. (*Id.* at 14.) Abdelshafi ignores the fact that 18 U.S.C. § 1028A(c)(5) clearly states that "*any* provision contained in chapter 63" qualifies as a predicate felony for aggravated identity theft. (Emphasis added). Health care fraud, in violation of 18 U.S.C. § 1347, is a provision within in Chapter 63. *See* 18 U.S.C. §§ 1341–1351 (2007). As the Fourth Circuit succinctly explained in affirming Abdelshafi's convictions and sentence,

> To establish a violation of § 1028A(a)(1), the Government must prove the defendant (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense. . . . *Abdelshafi's convictions for health care fraud qualify as predicate offenses* under 18 U.S.C. § 1028A(c)(1).

*United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) (emphasis added). Claim One (a) lacks merit and will be dismissed.

### B.    Lack of Jurisdiction

In Claim One (b), Abdelshafi argues that the Court lacked jurisdiction to convict him for 18 U.S.C. § 1028A based upon his faulty argument that health care fraud fails to qualify as a predicate offense under § 1028A(c). As discussed above, health care fraud qualifies as a predicate offense. *See supra* Part II.A. Accordingly, Abdelshafi's baseless jurisdiction claim will be dismissed.

4

### III. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

#### A. Failure to Move to Dismiss the Indictment

In Claims One (c) and Two (c), Abdelshafi faults counsel for failing to move to dismiss the Indictment for Counts 16 and 17, based on the flawed argument discussed in Part II.A, that health care fraud fails to qualify as predicate offense for the aggravated identity theft convictions. (Mem. Supp. § 2255 Mot. 15, 29.) Counsel reasonably eschewed advancing Abdelshafi's frivolous argument in a motion to dismiss the Indictment. Thus, Abdelshafi demonstrates no deficiency of counsel, and Claims One (c) and Two (c) will be dismissed.

5

### B. Jury Trial Waiver

In Claim One (a), Abdelshafi argues that counsel rendered ineffective assistance by failing to adequately explain the right to a jury trial and advising him to waive that right. (*Id.* at 17–18.) Because of counsel's deficiency, Abdelshafi claims his jury waiver was not knowingly, voluntarily, and intelligently entered. (*Id.* at 18.)

Rule 23 provides that "[if] the defendant is entitled to a jury trial, the trial must be by jury unless: **(1)** the defendant waives a jury trial in writing; **(2)** the government consents; and **(3)** the court approves." Fed. R. Crim. P. 23(a). The Fourth Circuit has repeatedly held that compliance with Fed. R. Crim. P. Rule 23(a) is "sufficient to support the [jury trial waiver] in the absence of evidence that the waivers were not knowing, voluntary and intelligent." *United States v. Boynes*, 515 F.3d 284, 287 (4th Cir. 2008); *see United States v. Khan*, 413 F.2d 477, 492 (4th Cir. 2006). To demonstrate resulting prejudice "in this situation, it is not sufficient for a petitioner to show that, absent counsel's advice he would have pursued a jury trial; instead, a petitioner must show that this advice prejudiced him 'in a way that undermine(s) the confidence in the outcome.'" *United States v. Dailey*, Nos. 3:12–CR–233–3, 3:12–CV–362, 2013 WL 1768053, at *8 (E.D. Va. Apr. 24, 2013) (quoting *United States v. Lilly*, 536 F.3d 190, 196–97 (3d Cir. 2008)).

Abdelshafi's claim that his jury waiver was not knowing, voluntary, and intelligent lacks support from the record. Abdelshafi signed a "Waiver of Trial by Jury," that the Government consented to and the Court approved. (Waiver (ECF No. 14).) The

record demonstrates that the Court fully complied with Fed. R. Crim. P. 23(a), and Abdelshafi shows no deficiency of counsel.

In his conclusory supporting argument, Abdelshafi fails to demonstrate that his waiver was not knowing, voluntary, or intelligent. He also fails to demonstrate any resulting prejudice from counsel's purported advice to waive his right to a jury trial. Abdelshafi argues that based upon the Government's evidence, if he had been tried by jury, a jury would not have found him guilty of health care fraud. (Mem. Supp. § 2255 Mot. 20–22.) Abdelshafi's argument amounts to nothing more than speculation and conjecture. Abdelshafi fails to demonstrate that counsel's advice prejudiced him "'in a way that 'undermine(s) confidence in the outcome.'" *Dailey*, 2013 WL 1768053, at *8 (quoting *Lilly*, 536 F.3d at 196–97). Claim One (a) lacks merit and will be dismissed.

### C. Failure to Challenge Health Care Fraud Convictions on Appeal

Abdelshafi faults counsel for failing to challenge on appeal the health care fraud arguments counsel raised in the motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 ("Rule 29 Motion"). (Mem. Supp. § 2255 Mot. 23.)[5] "In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'"

---

[5] In the Rule 29 Motion, counsel challenged the sufficiency of the evidence for the health care fraud convictions and argued that the Court lacked subject matter jurisdiction. (*See* Br. Supp. Mot. Acquittal (ECF No. 21) 2, 4.)

*Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). Abdelshafi fails to demonstrate the clear strength of the challenges to his health fraud conviction he urges here when compared with the stronger grounds pursued by counsel.[6] Thus, Abdelshafi establishes no deficiency of counsel. Accordingly, Claim Two (b) will be dismissed.

### D. Failure to Challenge Forfeiture

In Claim Two (d), Abdelshafi faults counsel for failing "to challenge the monetary forfeiture judgment of $308,329.00 where forfeiture violates the double jeopardy clause of the Fifth Amendment and Eighth Amendment . . ." prohibition against excessive fines. (§ 2255 Pet. 3.)[7] Because this claim fails to implicate Abdelshafi's custody or

---

[6] On appeal, counsel argued that the Court erred in denying his Rule 29 Motion "on the aggravated identity theft counts and in imposing a Guidelines enhancement for abuse of trust." *See United States v. Abdelshafi*, 592 F.3d 602, 606 (4th Cir. 2010).

[7] Abdelshafi contends that "[t]he forfeiture of $308, 329.00 constitutes a second punishment for the crimes the district court imposed imprisonment: health care fraud violation and aggravated identity theft." (Mem. Supp. § 2255 Mot. 30.) Abdelshafi's claim is factually inaccurate in two respects. First, counsel successfully challenged the forfeiture judgment during sentencing. Second, the Government agreed to apply Abdelshafi's restitution toward his forfeiture payment. Thus, Abdelshafi fails to demonstrate any deficiency of counsel or resulting prejudice.

8

confinement, he cannot pursue it in a 28 U.S.C. § 2255 motion. *See Blaik v. United States*, 161 F.3d 1341, 1342–43 (4th Cir. 1998). Claim Two (d) will be dismissed.

### E. Failure to Interview and Subpoena Witnesses

In a wholly vague and conclusory claim (Claim Three), Abdelshafi contends that counsel failed to subpoena Ashlye Johnson and "Company's account and Book keepers." (Mot. Amend (ECF No. 56) 1.) To prevail on this claim, Abdelshafi must proffer what favorable testimony the two witnesses would have produced. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." (citing *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990))); *see also United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004) (habeas petitioner must "provide[ ] concrete evidence of what [a witness] would have testified to in exculpation"). The extent of Abdelshafi's argument is: "This evidence if presented to Jury of Peers would have materially changed the outcome of the case and resulted in a verdict of NOT GUILTY." (Mot. Amend 1.) Because Abdelshafi's conclusory allegations are insufficient to demonstrate deficiency of counsel or prejudice, Claim Three will be dismissed.[8]

---

[8] In his Memorandum in Support of his § 2255 Motion, Abdelshafi suggests that the cumulative effect of trial counsel's actions resulted in prejudice. (Mem. Supp. § 2255 Mot. 31–32.) Abdelshafi's attempt to demonstrate cumulative prejudice fails, as none of counsel's actions were constitutionally deficient. *Fisher v. Angelone*, 163 F.3d 835, 853 (4th Cir. 1998) ("[A]n attorney's acts or omissions 'that are not unconstitutional individually cannot be added together to create a constitutional violation.'" (quoting *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir.1996))).

9

The § 2255 Motion (ECF No. 49) will be denied. The action will be dismissed. A certificate of appealability will be denied.[9]

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept. 5, 2013
Richmond, Virginia

---

[9] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Abdelshafi has not satisfied this standard.

10